# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARL J. JOHNSON, JR.,**
    Petitioner,

  v.             Case No. 09-C-0849

**ROBERT HUMPHREYS, Warden,**
**Racine Correctional Institution,**
    Respondent.

## ORDER

On September 2, 2009, Carl J. Johnson, Jr. filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first degree sexual assault and other offenses. He was sentenced to 45 years imprisonment.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, district court judges must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. In the present case, I conclude that it plainly appears that petitioner is not entitled to relief because he did not file his petition within the statute of limitations. However, because the statute of limitations is an affirmative defense that I have raised on my own, I will afford petitioner an opportunity to show cause why his petition should not be dismissed as untimely.

Petitioner was convicted in 1988 (Pet. § I) and concluded direct review of his

conviction in 1992 (Pet. § II). In April 2006, however, plaintiff filed a petition for habeas corpus with the Wisconsin Courts of Appeals and raised a number of issues, including ineffective assistance of appellate counsel. The court of appeals denied his petition on the merits on March 14, 2008. Petitioner then sought review from the Supreme Court of Wisconsin, but that court denied his petition for review on June 10, 2008. Petitioner filed the present habeas petition on September 2, 2009.

Section 2244(d) of Title 28 of the United States Code provides in relevant part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), petitioner's conviction became final sometime in 1993. Because petitioner's conviction became final prior to April 1996, the date on which the Antiterrorism and Effective Death Penalty Act ("AEDPA") became law, his time to file a federal habeas petition expired in April 1997. De Jesus v. Acevedo, 567 F.3d 941, 942 (7th Cir. 2009). Therefore, the present petition is untimely by more than twelve years.

Petitioner might argue that the statute of limitations has been reset because the state courts recently denied his state habeas petition on its merits. However, a state collateral proceeding that was not commenced until the federal period expired is irrelevant,

unless the outcome of the state proceeding was that the petitioner was granted a new direct appeal. De Jesus, 567 F.3d at 942-44. In the present case, petitioner lost his state collateral attack, and therefore the state proceeding did not reset the clock on the federal statute of limitations.

For the reasons stated, it appears that the petition must be dismissed as untimely. However, because the statute of limitations is an affirmative defense that petitioner was not required to anticipate in his petition, I will afford him an opportunity to show that the petition is not untimely. If petitioner thinks his petition is timely, he must file a statement showing why the petition is not untimely within thirty days. If, on the other hand, petitioner concedes that his petition is untimely, he does not need to file anything and I will enter judgment dismissing this case.

I also note that petitioner has not paid the five-dollar filing fee for this action and has moved for leave to proceed in forma pauperis. However, a review of petitioner's prison trust account statement reveals that he has over $150 and thus can afford to pay the fee. Therefore, his motion to proceed in forma pauperis will be denied. Petitioner must pay the five-dollar filing fee within thirty days of the date of this order. Failure to pay the filing fee within thirty days will result in the dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil L.R. 41.3 of the Local Rules (E.D. Wis. 2003).

**THEREFORE, IT IS ORDERED** that unless petitioner concedes that his petition should be dismissed as untimely, he must file a statement showing that his petition is timely within **30 DAYS** of the date of this order. If no statement is filed, the petition will be dismissed.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis

is **DENIED**. To avoid dismissal for failure to pay the filing fee, petitioner must pay $5 to the clerk of this court within **30 DAYS** of the date of this order.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 24 day of September, 2009.

/s\
LYNN ADELMAN\
District Judge