# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARL J. JOHNSON, JR.,**
        Petitioner,

    v.                                                     Case No. 09-C-0849

**ROBERT HUMPHREYS, Warden,**
**Racine Correctional Institution,**
        Respondent.

## ORDER

On September 2, 2009, Carl J. Johnson, Jr. filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In an order dated September 24, 2009, I noted that it appeared that petitioner was not entitled to habeas relief because the petition was untimely by more than twelve years, 28 U.S.C. § 2244(d), and I provided petitioner with thirty days to file a statement arguing that his petition was timely. On October 27, 2009, petitioner requested a thirty-day extension to file his statement, and I granted his request. However, petitioner did not file his statement by the extended deadline. On January 4, 2010, I issued an order warning petitioner that if he did not file his statement by February 1, 2010, I would dismiss the petition as untimely. Once again, petitioner failed to file his statement by the deadline. In an order dated February 10, 2010, I construed petitioner's failure to file a statement in support of his petition as an admission that the petition was untimely, dismissed the petition, and instructed the clerk to enter final judgment.

On February 16, 2010, petitioner filed a motion asking that I reconsider the dismissal of his petition. In his motion, petitioner states that he suffers from various medical

problems and that these problems prevented him from filing a statement in support of his petition by the deadlines set in my prior orders. He also states that his institution's law library has been frequently closed because of the holidays, state-mandated furloughs, and other reasons. Petitioner asks that I provide him with an additional forty-five days to file his statement in support of the timeliness of his petition.

Although I sympathize with petitioner's medical conditions and understand that it is often difficult to access a law library while incarcerated, this does not excuse petitioner's failure to respond to my order warning petitioner that I would dismiss his petition if he did not file his statement by February 1, 2010. If petitioner's health and lack of access to the law library were preventing him from completing his statement by that date, he should have filed a short letter explaining his predicament and asking for an extension of time <u>before</u> the deadline had passed. Now that the deadline has passed and final judgment has been entered, I will not reopen this case.

**THEREFORE, IT IS ORDERED** that the petitioner's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge